**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEM FARRACH,<br><br>     Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>     Defendant. | CASE NO. CV 12-06399 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    The only question presented is whether the Administrative Law Judge erred in rejecting the opinions of the treating physicians, both of whom essentially stated that Plaintiff's limitations prevented him from working. [AR 391-400, 436-40] A treating physician's opinion is owed deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), although it may not be controlling, and the determination of whether a claimant is disabled is the decision that the Commissioner, not the doctor, is to make. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, the administrative law judge who rejects the treating physician's opinions must justify doing so. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Did he properly do so here?

    The answer is that we cannot tell. The main reason that the Administrative Law Judge did not accept the limitations suggested by the treating doctors was that they

were not supported by the objective evidence. [AR 19] He did reference other matters, such as his belief that the doctors were acting more as advocates than as treating physicians, but this conclusion really flows from the prior assessment that the objective evidence did not support the limitations. Plaintiff counters that the record does contain evidence of Plaintiff's diseases of meningitis C and cirrhosis. To determine if platelet counts and other matters Plaintiff refers to would be sufficient objective evidence to support the medical opinions of the treating physicians as to Plaintiff's limitations, however, requires a doctor's analysis, not a judge's. It may be that the Administrative Law Judge is correct, but he is not a doctor, and not qualified to assess the degree of impairment caused by Plaintiff's admitted diseases. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). A medical expert is needed. Nor can the opinions of the state agency consultants suffice, for the Administrative Law Judge himself determined that they did not have the entire record before them. [AR 19] Defendant argues in this Court that Dr. To's examination provides an independent basis of support for the Administrative Law Judge's decision and, while it is true that a consultant who makes independent findings can furnish substantial evidence in support of a decision, *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985), that rationale does not go far enough here. Dr. To's report was dated July 14, 2009, almost a full year before the assessments of the treating physicians; the reports are not necessarily comparable.

The matter therefore is remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

DATED: April 19, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE